IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WESTBOUND RECORDS, INC. | ) |
| | ) |
| v. | ) NO. 3:05-0155 |
| | ) JUDGE CAMPBELL |
| JUSTIN COMBS PUBLISHING, INC., | ) |
|   et al. | ) |

ORDER

This matter comes before the Court on remand from the Sixth Circuit Court of Appeals. *Bridgeport Music, Inc. v. Justin Combs Publishing*, 507 F.3d 470 (6th Cir. 2007). The Court heard argument on April 3, 2009.

COMPENSATORY DAMAGES

The Sixth Circuit remanded this action, in part, for this Court to remit the amount of Plaintiff Westbound's compensatory damages to exclude compounded prejudgment interest. Westbound argues that the correct amount is $688,523, as testified to at trial by its expert. Defendants contend that the Court should divide that total between the two Plaintiffs, as it did post-trial.

The Court agrees with Defendants and, consistent with its prior ruling, holds that the compensatory damage award to Plaintiff Westbound should be remitted to $344,261.50. Plaintiff may agree to this remitted amount or request a new trial.

PRE-JUDGMENT INTEREST

The Sixth Circuit also remanded this action for this Court to determine a "reasonable intermediate date" from which to award pre-judgment interest. New York law provides:

> Interest shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. Where such damages were incurred at various times, interest

1

> shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date.

N.Y. CPLR § 5001(b). Where damages are incurred at various times after the cause of action accrues, section 5001 grants courts wide discretion in determining a reasonable date from which to award pre-judgment interest. *Wechsler v. Hunt Health Systems, LTD*, 330 F.Supp.2d (S.D.N.Y. 2004).

The parties are in agreement that the Court should award prejudgment interest from a reasonable intermediate date, but they disagree on the appropriate date to use. Plaintiff Westbound argues that the reasonable intermediate date is November 4, 1999, which is halfway between the beginning of the statute of limitations period (May 4, 1998) and the date the lawsuit was deemed filed (May 4, 2001). Defendants argue that the reasonable intermediate date is April 1, 2002, which is halfway between the beginning of the statute of limitations period (May 4, 1998) and the date of the verdict (March 17, 2006).

The parties agree that the Plaintiff Westbound continued to incur damages from Defendants' conduct through the date of the verdict in this action. Docket No. 513, p. 4; Docket No. 514, p.6. Westbound sought and was awarded money for damages which occurred after the litigation was filed. The purpose of prejudgment interest is to award interest on all damages incurred, and those damages were incurred even after this lawsuit was deemed filed. The prejudgment interest award is not simply a pre-*litigation* award.

For these reasons, the Court finds that a reasonable intermediate date from which to award prejudgment interest is April 1, 2002, which is halfway between the beginning of the statute of limitations period and the date of the verdict in this case.

## PUNITIVE DAMAGES

Finally, the Sixth Circuit remanded this action with instructions to this Court to remit the amount of the punitive damages award to "closer to" a 1:1 or 2:1 ratio to the compensatory damages award herein.

Plaintiff Westbound argues that, to afford weight to the jury award within the confines imposed by the Sixth Circuit, the Court should award two times the amount of compensatory damages as punitive damages. Westbound also contends that the Court should award two times the total compensatory damages ($688,523), not just two times Westbound's one-half portion of that award ($344,261.50). Finally, Westbound asserts that the Court should include whatever amount it awards as prejudgment interest as compensatory damages when calculating the 2:1 ratio.

Defendants argue that, because Westbound's compensatory award includes a punitive component, the Court should award either no additional punitive damages or a punitive damage award equal to the non-punitive component of the compensatory damages award, which Defendants maintain is $43,478. At most, Defendants contend, the Court should award one times Westbound's one-half of the compensatory damages award.

The factors which the Court must consider in making this decision are: (1) the reprehensibility of Defendants' conduct; (2) the disparity between Plaintiff's harm and the award; (3) a comparison of the award and civil penalties in comparable cases. *Bridgeport Music, Inc. v. Justin Combs Publishing*, 507 F.3d 470, 486 (6th Cir. 2007); *Morgan v. New York Life Ins. Co.,* ___ F.3d ___, 2009 WL 614523 at * 13 (6th Cir. Mar.12, 2009). The Sixth Circuit noted that, in determining reprehensibility when the harm is economic rather than physical, the Court should consider whether the target of the conduct had financial vulnerability; whether the conduct involved

3

Case 3:05-cv-00155   Document 526   Filed 04/03/09   Page 3 of 5 PageID #: 11614

repeated actions; and whether the harm was the result of intentional malice, trickery or deceit. *Bridgeport*, 507 F.3d at 486; *Morgan* at * 14.

This Court finds that the reprehensibility of Defendants' conduct was serious enough to justify a 2:1 ratio of punitive damages. For example, the record reflects that Defendants specifically requested permission to use another unlicensed sample (Jimi Hendrix's "Power of Love"), were refused that permission, and then used Plaintiff's sample (Ohio Players' "Singing in the Morning") without attempting to get a license for that use. Defendants, by seeking permission, were on notice that their use of the unlicensed sample could be considered copyright infringement.

In addition, the record reflects that Plaintiffs contacted Defendants repeatedly to advise that Plaintiffs considered Defendants' use of the unlicensed sample to be illegal and to request that Defendants cease such use. Defendants made no response. The record further reflects that not only did Defendants ignore Plaintiff's repeated demands to cease the infringement, but also Defendants re-released the album knowing that it contained an unauthorized sample and continued to deny liability up until opening statements at the trial.

The Court finds Defendants' conduct evidences intentional malice and justifies a 2:1 ratio of punitive damages.

With regard to the disparity between Plaintiff's harm and the punitive damages award, the Court finds, for all the reasons stated herein, that a 2:1 ratio is reasonable.

Comparing the 2:1 ratio to civil penalties in comparable situations, the Court notes that statutory penalties for other economic torts usually amount to treble damages or a 3:1 ratio. And, as the Sixth Circuit noted, federal copyright laws provide statutory compensatory damages of no more than $30,000, but up to $150,000 for willful infringement, considerably more than a 2:1 ratio.

4

Balancing the factors from *Bridgeport* and *Morgan* and considering the totality of the circumstances in this case, the Court finds that Plaintiff Westbound should be awarded punitive damages totaling $688,523.00, which represents two times Westbound's compensatory damages amount (without pre-judgment interest) of $344,261.50. The Court finds that this amount is sufficient, but not greater than necessary.

Therefore, the Court remits the amount of punitive damages awarded to Plaintiff Westbound to $688,523.00. In accordance with the decision of the Sixth Circuit, Plaintiff may agree to this remitted amount or request a new trial.

## CONCLUSION

For these reasons, the Court finds damages for Plaintiff Westbound Records, Inc. against Defendants in the amount of $344,261.50 in compensatory damages, plus pre-judgment interest from April 1, 2002, and $688,523.00 in punitive damages.

Plaintiff Westbound shall notify the Court, on or before April 17, 2009, whether it agrees to the remitted amounts of compensatory damages and punitive damages or whether it requests a new trial.

The issues of taxable costs and attorneys' fees, and any interest thereon, are reserved pending entry of final judgment, any appeal, and then further briefing by the parties.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE